IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>TATYANA MAZIK, Debtor<br><br>CHICAGO TITLE INSURANCE CO., Movant<br><br>v.<br><br>TATYANA MAZIK, Debtor/Respondent<br><br>and<br><br>WILLIAM C. MILLER, Trustee/Respondent | NO. 18-10643-elf<br><br>CHAPTER 13 |

## MOTION OF CHICAGO TITLE INSURANCE COMPANY FOR EXTENSION OF TIME TO FILE PROOF OF CLAIM AND OBJECTION TO PLAN

Unsecured Creditor Chicago Title Insurance Company ("Chicago"), by and through its undersigned counsel, hereby moves, pursuant to Fed.R.Bank.P. 9006(b)(1), and 3003(c)(3), for an extension of time to permit it to file a late Proof of Claim and Objection to Plan.

1. Chicago is a foreign corporation, registered to do business in Pennsylvania, with a principal place of business at 601 Riverside Avenue, Jacksonville, Florida. Chicago is a title insurance underwriter whose primary business is the issuance of title insurance policies insuring owners and lenders against certain adverse claims or risks.

2. Chicago's claim against the Debtor arose out of its settlement of two title insurance claims arising out of Debtor's fraudulent failure to pay off and satisfy two

1

separate mortgage loans she took when she conveyed two separate parcels of real estate in transactions that were not at arms' length.

3. Chicago settled the two claims by paying its Insureds $385,000.00 and $216,000.00, for a total of $601,000, the face value of both of the policies. In exchange for its payments, Chicago acquired ownership of the promissory notes Mazik gave to its insureds and has demanded she cure her repayment defaults thereunder. To date, she has refused to do so, and thus there is a total balance due and owing by Mazik to Chicago of $1,018,079.16.

4. On March 28, 2017, the Debtor filed a Chapter 7 petition in this Court. See 17-12125 Docket Report at No. 1, a true and correct copy of which is attached hereto as Exhibit "A."

5. On June 30, 2017, Chicago filed a Complaint for non-dischargeability under 11 U.S.C. § 523 (a)(2) and (6). Id. at No. 28.

6. On August 9, 2017, Debtor's petition was dismissed for her failure to make required payments, attend a hearing before the Court, and attend the creditor's meeting Id. at Nos. 39, 41, and 42.

7. As a result, Chicago's adversary action was also dismissed. Id.

8. Unbeknownst to Chicago until recently, Debtor filed the present Chapter 13 petition on January 31, 2018. See 18-10643 Docket Report at No. 1, a true and correct copy of which is attached hereto as Exhibit "B."

9. In her schedules, the Debtor identified Chicago as an unsecured creditor with a claim of $753,000. Id. at No. 13.

2

10. However, the Debtor did not include Chicago on the List of Creditors. <u>Id.</u> at No. 8.

11. Thus, Chicago did not receive notice of the Debtor's petition, and it had no advance notice of the April 11, 2018 deadline to file a claim or the meeting of creditors.

12. On March 14, 2018, Chicago filed a Complaint in this Court at Docket No. 18-1116 to recover the monies owed to it by Debtor, and to impose an equitable lien against real property owned by the Debtor along with several others involved in her fraudulent activities—to secure her repayment in accordance with the promissory notes and mortgages she signed.

13. Upon receipt of service of the Complaint, the Debtor did not notify Chicago of the pending petition nor did she add Chicago to the List of Creditors.

14. Chicago recently learned of the pending petition and now seeks leave to file the Proof of Claim attached hereto as Exhibit "C," objection to plan confirmation attached hereto as Exhibit "D."

15. In addition, Chicago is in the process of filing the complaint to determine non-dischargeability of its debt attached hereto as Exhibit "E."

16. The deadline to file a proof of claim may be extended upon a showing of "excusable neglect." Fed.R.Bank.P. 9006(b)(1).

17. "Excusable neglect" includes not only carelessness, but also "simple, faultless omissions to act," <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship</u>, 507 U.S. 380, 388 (1993), as occurred here.

18. Where "the untimely filing resulted from Claimants' failure to receive actual notice of the bar date, a justification . . . has been found to support late filing." <u>In re Spring</u>

3

Ford Indus., Inc., 02-15015DWS, 2003 WL 21785960 (Bankr. E.D.Pa. July 25, 2003)(citations omitted).

19. In this case, Chicago could not have timely filed its Proof of Claim because it did not receive notice of the Debtor's filing for bankruptcy protection—either at the time her petition was filed, or when she received Chicago's complaint in Docket 18-111

20. Likewise, Chicago could not have timely filed its Objection to the Debtor's Plan because it had no advance notice of the meeting of creditors held on April 16, 2018.

21. Since learning the Debtor filed for bankruptcy protection once again, Chicago has acted promptly and in good faith to seek leave to file its Proof of Claim and Objection to Plan.

22. Granting the instant motion would cause no prejudice to the Debtor. Prejudice occurs when allowance of a late claim would injure or damage the debtor. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 126 (3d Cir. 1999). Prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence. Id. at 127.

23. According to the docket, the deadline for the filing of government claims has not yet passed, and the Debtor's Plan has not yet been confirmed.

24. Also, another creditor recently filed a similar motion that is currently pending and scheduled to be heard on July 17, 2018.

25. These facts weigh against a finding of prejudice. In re Sterling Rubber Products Co., 316 B.R. 485, 490 (Bankr. S.D. Ohio 2004), aff'd, 337 B.R. 729 (B.A.P. 6th Cir. 2006)

26. On the other hand, Chicago would be severely prejudiced if it is not granted leave to file its Proof of Claim and Objection to Plan Confirmation.

WHEREFORE, movant prays that this Motion be granted and that the Court enter an Order in the form submitted herewith extending the deadline for filing of Chicago's proof of claim and objection to plan.

                    Respectfully submitted,

                    CHICAGO NATIONAL LAW GROUP

By:    */s/ Dana B. Ostrovsky*
       Dana B. Ostrovsky
       PA Attorney ID # 83921
       1515 Market Street, Suite 1410
       Philadelphia, PA 19102
       Phone: (267) 608-1728
       Fax: (215) 241-8794
       Dana.Ostrovsky@fnf.com

Dated: July 2, 2018

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

TATYANA MAZIK, Debtor

CHICAGO TITLE INSURANCE CO., Movant

v.

TATYANA MAZIK, Debtor/Respondent

and

WILLIAM C. MILLER, Trustee/Respondent

NO. 18-10643-elf

CHAPTER 13

## CERTIFICATE OF SERVICE

I, Dana Ostrovsky, hereby certify that on this 2nd day of July, 2018, the foregoing Motion for Extension of Time to File Proof of Claim and Objection to Plan and proposed Order were electronically filed with the Clerk of the Court of the United States Bankruptcy Court for the Eastern District of Pennsylvania using the CM/ECF system, and were served upon all registered users of the CM/ECF system who have appeared in the above captioned action, including the following:

/s/ *Dana B. Ostrovsky*
Dana Ostrovsky