# EXHIBIT A

CASE_CLOSED, Repeat-PAEB, RepeatPACER, FeeDueINST, DISMISSED

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Bankruptcy Petition #: 17-12125-elf

|  |  |
|---|---|
| | *Date filed:* 03/28/2017 |
| *Assigned to:* Judge Eric L. Frank | *Date terminated:* 08/21/2017 |
| Chapter 7 | *Debtor dismissed:* 08/09/2017 |
| Voluntary | *341 meeting:* 08/08/2017 |
| No asset | *Deadline for objecting to discharge:* 07/04/2017 |
| | *Deadline for financial mgmt. course:* 07/04/2017 |

*Debtor disposition:* Dismissed for failure to pay filing fee

**Debtor**
**Tatyana Mazik**
1269 Waller Drive
Huntingdon Valley, PA 19006
MONTGOMERY-PA
SSN / ITIN: xxx-xx-2661

represented by **ALEXANDER GRANOVSKY**
Granovsky Law Offices, PC
9831 Bustleton Avenue, Suite #2
Philadelphia, PA 19115
215 992-6696
Email: aggs400@yahoo.com

**Trustee**
**CHRISTINE C. SHUBERT**
821 Wesley Avenue
Ocean City, NJ 08226
(609) 938-4191

represented by **CHRISTINE C. SHUBERT**
821 Wesley Avenue
Ocean City, NJ 08226
(609) 938-4191
Email: christine.shubert@comcast.net

**U.S. Trustee**
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
(215) 597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 03/28/2017 | <u>1</u><br>(7 pgs) | Chapter 7 Voluntary Petition for Individual . Fee Amount $80.00 Filed by Tatyana Mazik. Matrix List of Creditors due 04/4/2017. Government Proof of Claim Deadline: 09/24/2017. Atty Disclosure Statement due 04/11/2017. Inventory of Property due 04/11/2017. Chapter 7 Means Test Form 122A-1Supp Exemption Due: 04/11/2017.Chapter 7 Statement of Your Current Monthly Income Form 122A-1 Due04/11/2017 Means Test Calculation Form 122A-2 Due: 04/11/2017. Schedules AB-J due 04/11/2017. Schedule A/B due 04/11/2017. Schedule C due 04/11/2017. Schedule D due 04/11/2017. Schedule E/F due 04/11/2017. Schedule G due 04/11/2017. Schedule H due 04/11/2017. Schedule I due |

| | | |
|---|---|---|
| | | 04/11/2017. Schedule J due 04/11/2017. SSN - Form B21 /Tax ID due 04/11/2017. Statement of Financial Affairs due 04/11/2017. Summary of Assets and Liabilities Form B106 due 04/11/2017. Statistical Summary of Certain Liabilities Form B206 due 04/11/2017. Incomplete Filings due by 04/11/2017. (GRANOVSKY, ALEXANDER) (Entered: 03/28/2017) |
| 03/28/2017 | | Receipt of Voluntary petition (Chapter 7)(17-12125) [misc,volp7a] ( 80.00) Filing Fee. Receipt number 18579378. Fee Amount $ 80.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/28/2017) |
| 03/28/2017 | 2 (2 pgs) | ***Incorrect Entry-Wrong event code, see docket entry #4*** Document in re: *Form 103A, Application for installments* Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) Modified on 3/29/2017 (R., Yvette). (Entered: 03/28/2017) |
| 03/28/2017 | 4 (2 pgs) | Application to Pay Filing Fee in Installments Filed by Tatyana Mazik Represented by ALEXANDER GRANOVSKY (Counsel). (R., Yvette) (Entered: 03/29/2017) |
| 03/29/2017 | 3 | Notice of Appointment of Trustee . CHRISTINE C. SHUBERT added to the case.. (ROSEBORO, DEBORAH) (Entered: 03/29/2017) |
| 03/29/2017 | 5 (1 pg) | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Matrix List of Creditors due 04/4/2017. Certification Concerning Credit Counseling and/or Certificate of Credit Counseling due 04/4/2017. Atty Disclosure Statement due 04/11/2017. Chapter 7 Statement of Your Current Monthly Income Form 122A-1 Due 04/11/2017. Means Test Calculation Form 122A-2 Due: 04/11/2017. Schedules AB-J due 04/11/2017. Statement of Financial Affairs due 04/11/2017. Summary of Assets and Liabilities Form B106 due 04/11/2017. Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (R., Yvette) (Entered: 03/29/2017) |
| 03/29/2017 | 6 (2 pgs) | Order Granting Application To Pay Filing Fees In Installments. (Related Doc # 4). First Installment Payment $80.00 due by 3/28/2017. Second Installment Payment $80.00 due by 4/28/2017. Third Installment Payment $80.00 due by 5/28/2017. Final Installment Payment $95.00 due by 6/28/2017. (C., Denine) (Entered: 03/29/2017) |
| 03/31/2017 | 7 | BNC Certificate of Mailing - Voluntary Petition. Number of |

| | | |
|---|---|---|
| | (2 pgs) | Notices Mailed. (related document(s) (Related Doc # 5)). No. of Notices: 1. Notice Date 03/31/2017. (Admin.) (Entered: 04/01/2017) |
| 03/31/2017 | 8 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 6)). No. of Notices: 1. Notice Date 03/31/2017. (Admin.) (Entered: 04/01/2017) |
| 04/03/2017 | 9 (1 pg) | Certificate of Credit Counseling Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/03/2017) |
| 04/03/2017 | 10 | Matrix Filed. Number of pages filed: 1, Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/03/2017) |
| 04/11/2017 | 11 (2 pgs) | Meeting of Creditors . 341(a) meeting to be held on 5/5/2017 at 11:00 AM at 833 Chestnut Street, Suite 501, Philadelphia, PA. Financial Management Course Certificate Due: 7/4/2017. Last day to oppose discharge or dischargeability is 7/4/2017. (P., Cathy) (Entered: 04/11/2017) |
| 04/11/2017 | 12 (4 pgs; 3 docs) | Motion to Extend time to file missing documents Filed by Tatyana Mazik Represented by ALEXANDER GRANOVSKY (Counsel). (Attachments: # 1 Proposed Order # 2 Service List) (GRANOVSKY, ALEXANDER) (Entered: 04/11/2017) |
| 04/12/2017 | 13 (1 pg) | Order Granting Motion to Extend Time (Related Doc # 12) Documents Due by 4/27/2017. Incomplete Filings due by 4/27/2017. Atty Disclosure Statement due 4/27/2017. Schedules AB-J due 4/27/2017. Statement of Financial Affairs due 4/27/2017. Summary of Assets and Liabilities Form B106 due 4/27/2017.Chapter 7 Statement of Your Current Monthly Income Form 122A-1 Due4/27/2017 Means Test Calculation Form 122A-2 Due: 4/27/2017. (J., Randi) (Entered: 04/12/2017) |
| 04/13/2017 | 14 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 11)). No. of Notices: 5. Notice Date 04/13/2017. (Admin.) (Entered: 04/14/2017) |
| 04/14/2017 | 15 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 13)). No. of Notices: 1. Notice Date 04/14/2017. (Admin.) (Entered: 04/15/2017) |
| 04/26/2017 | 16 (2 pgs) | Summary of Assets and Liabilities and Certain Statistical Information Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |

| 04/26/2017 | 17<br>(19 pgs) | Schedule A/B: Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 18<br>(1 pg) | Declaration About Individual Debtor's Schedules Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 19<br>(7 pgs) | Statement of Financial Affairs for Individual Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 20<br>(2 pgs) | Statement of Intent. Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 21 | Statement of Social Security Number Received. Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 22<br>(2 pgs) | Chapter 7 Statement of Your Current Monthly Income Form 122A-1 Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 23<br>(4 pgs) | Notice to Individual Debtor Primarily Consumer Debts Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 04/26/2017 | 24<br>(1 pg) | Disclosure of Compensation of Attorney for Debtor in the amount of 915.00 Debtor Tatyana Mazik Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik. (GRANOVSKY, ALEXANDER) (Entered: 04/26/2017) |
| 05/07/2017 | | Meeting of Creditors Continued. Reason for continuance: debtor did not appear.. 341(a) meeting to be held on 7/7/2017 at 12:00 PM at 833 - Chestnut Street. (SHUBERT, CHRISTINE) (Entered: 05/07/2017) |
| 05/12/2017 | 25<br>(1 pg) | Notice of Hearing to Show Cause why this case should not be dismissed for Failure to Pay the Second Installment Payment in the amount of $80.00. Hearing scheduled 5/24/2017 at 10:00 AM at nix1 - courtroom #1. (C., Jacqueline) (Entered: 05/12/2017) |
| 05/12/2017 | | Installment payment in the amount of: $80 (related document(s): Automatic docket of credit card) Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik (related document(s)). (GRANOVSKY, ALEXANDER) (Entered: 05/12/2017) |

| 05/12/2017 | | Receipt of Installment Payment via Credit Card(17-12125-elf) [misc,atyinst] ( 80.00) Filing Fee. Receipt number 18771094. Fee Amount $ 80.00. (re: Doc# ) (U.S. Treasury) (Entered: 05/12/2017) |
| --- | --- | --- |
| 05/14/2017 | 26 (2 pgs) | BNC Certificate of Mailing - Hearing to Show Cause. Number of Notices Mailed: (related document(s) (Related Doc # 25)). No. of Notices: 1. Notice Date 05/14/2017. (Admin.) (Entered: 05/15/2017) |
| 05/24/2017 | 27 | Show Cause Hearing Held (related document(s),25). Cancelled-paid to date. (J., Randi) (Entered: 05/25/2017) |
| 06/05/2017 | | Installment payment in the amount of: $80 (related document(s): Order on Motion To Pay Filing Fees in Installments) Filed by ALEXANDER GRANOVSKY on behalf of Tatyana Mazik (related document(s)6). (GRANOVSKY, ALEXANDER) (Entered: 06/05/2017) |
| 06/05/2017 | | Receipt of Installment Payment via Credit Card(17-12125-elf) [misc,atyinst] ( 80.00) Filing Fee. Receipt number 18854397. Fee Amount $ 80.00. (re: Doc# ) (U.S. Treasury) (Entered: 06/05/2017) |
| 06/30/2017 | 28 (71 pgs; 10 docs) | Adversary case 17-00188. Complaint by DANA B. OSTROVSKY on behalf of Chicago Title Insurance Company against Tatyana Mazik. Fee Amount $0.00 . (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit) (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (OSTROVSKY, DANA) (Entered: 06/30/2017) |
| 07/08/2017 | | Meeting of Creditors Continued. Reason for continuance: counsel for the debtor sent the Trustee an email the morning of the 341a meeting and indicated that the debtor would not appear at the meeting. No explanation for the absence was provided... 341(a) meeting to be held on 8/8/2017 at 12:00 PM at 833 - Chestnut Street. (SHUBERT, CHRISTINE) (Entered: 07/08/2017) |
| 07/13/2017 | 29 (5 pgs; 3 docs) | Motion to Withdraw as Attorney Filed by Alexander Granovsky Represented by ALEXANDER GRANOVSKY (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (GRANOVSKY, ALEXANDER) (Entered: 07/13/2017) |
| 07/14/2017 | 30 (1 pg) | Notice of (related document(s): 29 Motion to Withdraw as Attorney ) Filed by Alexander Granovsky. Hearing scheduled 8/9/2017 at 10:00 AM at nix1 - courtroom #1. (GRANOVSKY, ALEXANDER) (Entered: 07/14/2017) |

| 07/14/2017 | 31<br>(1 pg) | Praecipe *to withdraw docket entry filed on 7/7/17 entitled "Meeting of creditors Continued" filed by the Chapter 7 Trustee, Christine C. Shubert, Esquire. Based on the failure of the debtor and counsel for the debtor to appear on May 5, 2017 and July 7, 2017 without explanation, the Trustee will request a Notice of Deficiency for Failure to appear.* Filed by CHRISTINE C. SHUBERT on behalf of CHRISTINE C. SHUBERT. (SHUBERT, CHRISTINE) (Entered: 07/14/2017) |
| --- | --- | --- |
| 07/20/2017 | 32<br>(2 pgs) | Amended Certificate of Service Filed by ALEXANDER GRANOVSKY on behalf of Alexander Granovsky (related document(s)29). (GRANOVSKY, ALEXANDER) (Entered: 07/20/2017) |
| 07/21/2017 | 33<br>(1 pg) | Notice of Deficiency Re: Failure To Appear at Two Scheduled Meetings of Creditors Filed by United States Trustee. (BORGESI, MARIA) (Entered: 07/21/2017) |
| 07/26/2017 | 34<br>(6 pgs; 4 docs) | Certificate of No Response to *Motion to Withdraw as Counsel for Debtor* Filed by ALEXANDER GRANOVSKY on behalf of Alexander Granovsky (related document(s)29). (Attachments: # 1 Exhibit Exhibit A # 2 Service List) (GRANOVSKY, ALEXANDER) Additional attachment(s) added on 7/27/2017 (J., Randi). (Entered: 07/26/2017) |
| 07/26/2017 | 35<br>(1 pg) | Order to Appear and Show Cause why Debtor's case should not be Dismissed. Hearing scheduled 8/9/2017 at 10:00 AM at nix1 - courtroom #1. (J., Randi) (Entered: 07/26/2017) |
| 07/27/2017 | 36<br>(1 pg) | Correct entry to attach corrected document: Copy of Certificate of No Response to Motion to Withdraw as Counsel for Debtor(related document(s)34). (J., Randi) (Entered: 07/27/2017) |
| 07/28/2017 | 37<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 35)). No. of Notices: 1. Notice Date 07/28/2017. (Admin.) (Entered: 07/29/2017) |
| 08/07/2017 | 38<br>(1 pg) | Notice of Hearing to Show Cause why this case should not be dismissed for Failure to Pay Final Installment in the amount of $95.00. Hearing scheduled 8/16/2017 at 10:00 AM at nix1 - courtroom #1. (C., Jacqueline) (Entered: 08/07/2017) |
| 08/09/2017 | 39<br>(1 pg) | Order Dismissing Case since we find that the debtor(s) have failed to attend the hearing mandated under 11 U.S.C. Sec. 341 and have failed to attend the hearing to explain their absence at the Sec. 341 hearing. (J., Randi) (Entered: 08/09/2017) |
| 08/09/2017 | | Chapter 7 Trustee's Report of No Distribution: I, CHRISTINE C. SHUBERT, having been appointed trustee of the estate of |

| | | |
|---|---|---|
| | | the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by CHRISTINE C. SHUBERT. (SHUBERT, CHRISTINE) (Entered: 08/09/2017) |
| 08/09/2017 | 40 (2 pgs) | BNC Certificate of Mailing - Hearing to Show Cause. Number of Notices Mailed: (related document(s) (Related Doc # 38)). No. of Notices: 1. Notice Date 08/09/2017. (Admin.) (Entered: 08/10/2017) |
| 08/09/2017 | 41 | Hearing Held on Notice of Show Cause why debtor's case should not be dismissed for failure to attend the 341 meeting. 35. E-order entered. (J., Randi) (Entered: 08/10/2017) |
| 08/09/2017 | 42 | Hearing Held on Motion to Withdraw as attorney 29. Moot. Case dismissed on 8/9/17. (J., Randi) (Entered: 08/10/2017) |
| 08/11/2017 | 43 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 39)). No. of Notices: 8. Notice Date 08/11/2017. (Admin.) (Entered: 08/12/2017) |
| 08/17/2017 | | Disposition of Adversary 2:17-ap-188 dismissed. (J., Randi) (Entered: 08/17/2017) |
| 08/21/2017 | | Adversary Case 2:17-ap-188 Terminated for Statistical Purposes. (J., Randi) (Entered: 08/21/2017) |
| 08/21/2017 | | Bankruptcy Case Terminated for Statistical Purposes. (J., Randi) (Entered: 08/21/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/27/2018 14:53:50 | | | |
| PACER | fn1282:3978591:0 | Client | |

| Login: | | Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 17-12125-elf Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 5 | Cost: | 0.50 |

# EXHIBIT B

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Bankruptcy Petition #: 18-10643-elf

*Date filed:* 01/31/2018
*Deadline for filing claims:* 04/11/2018
*Deadline for filing claims (govt.):* 07/30/2018

*Assigned to:* Judge Eric L. Frank
Chapter 13
Voluntary
Asset

*Debtor*
**Tatyana Mazik**
1269 Waller Dr.
Huntingdon Valley, PA 19006
MONTGOMERY-PA
SSN / ITIN: xxx-xx-2661

represented by **DAVID A. SCHOLL**
Law Office of David A. Scholl
512 Hoffman Street
Philadelphia, PA 19148
610 550 1765
Email: judgescholl@gmail.com

*Trustee*
**WILLIAM C. MILLER, Esq.**
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
215-627-1377

*U.S. Trustee*
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
(215) 597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 06/02/2018 | <u>44</u><br>(3 pgs) | Response to Motion to Allow Claims filed by Creditor MTGLQ Investors, LP c/o Rushmore Loan Management Services Filed by Tatyana Mazik (related document(s)<u>41</u>). (SCHOLL, DAVID) (Entered: 06/02/2018) |
| 05/30/2018 | <u>43</u><br>(3 pgs) | Objection to Confirmation of Plan Filed by MTGLQ Investors, LP c/o Rushmore Loan Management Services (related document(s)<u>15</u>). (BOYLE-EBERSOLE, DANIELLE) (Entered: 05/30/2018) |
| 05/30/2018 | <u>42</u><br>(2 pgs) | Notice of (related document(s): <u>41</u> Motion to Allow Claims - *Claim #4, filed 04/17/2018.) Response Deadline 4/16/2018.* Filed by MTGLQ Investors, LP c/o Rushmore Loan Management Services. Hearing scheduled 7/17/2018 at 01:00 |

| | | |
|---|---|---|
| | | PM at nix1 - courtroom #1. (BOYLE-EBERSOLE, DANIELLE) (Entered: 05/30/2018) |
| 05/30/2018 | <u>41</u><br>(53 pgs; 2 docs) | Motion to Allow Claims - *Claim #4, filed 04/17/2018.* Filed by MTGLQ Investors, LP c/o Rushmore Loan Management Services Represented by DANIELLE BOYLE-EBERSOLE (Counsel). (Attachments: # <u>1</u> Proposed Order) (BOYLE-EBERSOLE, DANIELLE) (Entered: 05/30/2018) |
| 05/07/2018 | <u>40</u><br>(1 pg) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER, Esq. (related document(s)<u>39</u>). (MILLER2, WILLIAM) (Entered: 05/07/2018) |
| 05/07/2018 | <u>39</u><br>(2 pgs; 2 docs) | Objection to Confirmation of Plan Filed by WILLIAM C. MILLER, Esq. (related document(s)<u>15</u>). (Attachments: # <u>1</u> Proposed Order)(MILLER2, WILLIAM) (Entered: 05/07/2018) |
| 05/03/2018 | <u>38</u><br>(2 pgs) | Notice of Appearance and Request for Notice by DEAN E. WEISGOLD Filed by DEAN E. WEISGOLD on behalf of Leisure Lane Condominium Association d/b/a 9926 Condominium Association. (WEISGOLD, DEAN) (Entered: 05/03/2018) |
| 04/24/2018 | 37 | Confirmation Hearing Continued. Confirmation Hearing scheduled 7/17/2018 at 10:00 AM at nix1 - courtroom #1. (P., Paul) (Entered: 04/25/2018) |
| 04/20/2018 | <u>36</u><br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # <u>35</u>)). No. of Notices: 3. Notice Date 04/20/2018. (Admin.) (Entered: 04/21/2018) |
| 04/18/2018 | <u>35</u><br>(1 pg) | Notice of filing of claim by David A Scholl, Esq. on behalf of debtor, Tatyana Mazik on behalf of creditor Rushmore Loan Management Services, claim #5. (P., Paul) (Entered: 04/18/2018) |
| 04/17/2018 | | Meeting of Creditors Held and Concluded on: 4/16/2018. (MILLER, Esq., WILLIAM) (Entered: 04/17/2018) |
| 04/16/2018 | <u>34</u><br>(3 pgs) | Objection to Confirmation of Plan Filed by WELLS FARGO BANK, N.A. (related document(s)<u>15</u>). (VELTER, KARINA) (Entered: 04/16/2018) |
| 04/13/2018 | <u>33</u><br>(14 pgs) | Employee Income Records Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik. (SCHOLL, DAVID) (Entered: 04/13/2018) |
| 03/29/2018 | 32 | Meeting of Creditors Continued. Reason for continuance:.. 341(a) meeting to be held on 4/16/2018 at 12:00 PM at 1234 |

| | | Market Street. (MILLER, Esq., WILLIAM) (Entered: 03/29/2018) |
|---|---|---|
| 03/16/2018 | <u>31</u><br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # <u>30</u>)). No. of Notices: 1. Notice Date 03/16/2018. (Admin.) (Entered: 03/17/2018) |
| 03/13/2018 | <u>30</u><br>(1 pg) | Order Granting Motion to Redact Claim No. 2 (Related Doc # <u>29</u>). It is therefore ordered that: 1. The motion is granted. 2. The clerk shall prohibit public access to claim no. 2 on the claims register forthwith. 3. Wells Fargo Bank, NA shall file redacted copies of the document(s) identified in paragraph 2 above on or before March 28, 2018. (P., Paul) (Entered: 03/14/2018) |
| 03/12/2018 | | Receipt of Motion to Redact (Fee Per Case)(18-10643-elf) [motion,mredact] ( 25.00) Filing Fee. Receipt number 19910555. Fee Amount $ 25.00. (re: Doc# <u>29</u>) (U.S. Treasury) (Entered: 03/12/2018) |
| 03/12/2018 | <u>29</u><br>(30 pgs; 2 docs) | Motion to Redact *and Restrict Public Access* Fee Amount $25.00 Filed by WELLS FARGO BANK, N.A. Represented by KARINA VELTER (Counsel). (Attachments: # <u>1</u> Exhibit) (VELTER, KARINA) (Entered: 03/12/2018) |
| 03/08/2018 | <u>28</u><br>(4 pgs) | Notice of Appearance and Request for Notices by KARINA VELTER Filed by KARINA VELTER on behalf of WELLS FARGO BANK, N.A.. (VELTER, KARINA) Modified on 3/9/2018 (P., Paul). (Entered: 03/08/2018) |
| 03/06/2018 | <u>27</u><br>(1 pg) | entry of Appearance/Request for Notices by JILL MANUEL-COUGHLIN Filed by JILL MANUEL-COUGHLIN on behalf of WELLS FARGO BANK, N.A.. (MANUEL-COUGHLIN, JILL) Modified on 3/8/2018 (P., Paul). (Entered: 03/06/2018) |
| 03/04/2018 | <u>26</u><br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # <u>24</u>)). No. of Notices: 1. Notice Date 03/04/2018. (Admin.) (Entered: 03/05/2018) |
| 03/01/2018 | <u>24</u><br>(1 pg) | Order Granting Motion to Extend Automatic Stay(Related Doc # <u>11</u> (P., Paul) (Entered: 03/02/2018) |
| 02/28/2018 | <u>23</u><br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # <u>20</u>)). No. of Notices: 3. Notice Date 02/28/2018. (Admin.) (Entered: 03/01/2018) |
| 02/27/2018 | 25 | Hearing Held on Expedited Motion to Extend Automatic Stay. Order entered. (P., Paul) (Entered: 03/02/2018) |
| 02/27/2018 | <u>22</u><br>(2 pgs) | Notice of Appearance and Request for Notice by KARINA VELTER Filed by KARINA VELTER on behalf of WELLS |

| | | FARGO BANK, N.A.. (VELTER, KARINA) (Entered: 02/27/2018) |
|---|---|---|
| 02/23/2018 | [21](1 pg) | Disclosure of Compensation of Attorney for Debtor in the amount of $1000 Debtor Tatyana Mazik Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik. (SCHOLL, DAVID) (Entered: 02/23/2018) |
| 02/23/2018 | [20](2 pgs) | Meeting of Creditors. The Debtor has filed a Plan. This Plan proposes payment to the trustee of $200.00 per month for 36 months. Filed by WILLIAM C. MILLER, Esq.. 341(a) meeting to be held on 4/4/2018 at 10:30 AM at 1234 Market Street. Objection to Dischargeability of Certain Debts due: 6/3/2018. Proofs of Claims due by 4/11/2018. Government Proof of Claim Deadline: 07/30/2018.Confirmation Hearing scheduled 4/24/2018 at 10:00 AM at nix1 - courtroom #1. (MILLER2, WILLIAM) (Entered: 02/23/2018) |
| 02/16/2018 | [19](3 pgs; 2 docs) | Objection to Confirmation of Plan Filed by KEVIN S. FRANKEL on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER (related document(s)[15](Attachments: # [1] Certificate of Service) (FRANKEL, KEVIN) (Entered: 02/16/2018) |
| 02/15/2018 | [18](2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [12])). No. of Notices: 1. Notice Date 02/15/2018. (Admin.) (Entered: 02/16/2018) |
| 02/15/2018 | [17](4 pgs; 2 docs) | Response to Motion to Extend Automatic Stay filed by Debtor Tatyana Mazik Filed by WELLS FARGO BANK, N.A. (related document(s)[11]). (Attachments: # [1] Service List) (VELTER, KARINA) (Entered: 02/15/2018) |
| 02/13/2018 | [16](1 pg) | Certificate of Service *of Expedited Motion to Extend Stay* Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik (related document(s)[11]). (SCHOLL, DAVID) (Entered: 02/13/2018) |
| 02/13/2018 | [15](10 pgs) | Chapter 13 Plan Filed by Tatyana Mazik. (SCHOLL, DAVID) (Entered: 02/13/2018) |
| 02/13/2018 | [14](11 pgs) | Ch 13 Income Fm 122C-1 Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik. (SCHOLL, DAVID) Modified on 2/14/2018 (P., Paul). (Entered: 02/13/2018) |
| 02/13/2018 | [13](33 pgs) | Schedules A/B - J , *Summaries, and Statement of Financial Affairs* Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik. (SCHOLL, DAVID) (Entered: 02/13/2018) |
| 02/13/2018 | [12](1 pg) | Order Scheduling Hearing re:[11] Expedited Motion to Extend Automatic Stay Filed by Tatyana Mazik Represented by DAVID A. SCHOLL (Counsel). filed by Debtor Tatyana |

|  |  | Mazik. Hearing scheduled 2/27/2018 at 09:30 AM at nix1 - courtroom #1. (D., Stacey) (Entered: 02/13/2018) |
|---|---|---|
| 02/12/2018 | <u>11</u><br>(4 pgs) | Expedited Motion to Extend Automatic Stay Filed by Tatyana Mazik Represented by DAVID A. SCHOLL (Counsel). (SCHOLL, DAVID) (Entered: 02/12/2018) |
| 02/12/2018 | <u>10</u><br>(1 pg) | Withdrawal of Appearance of None and entry of appearance of David A. Scholl Filed by DAVID A. SCHOLL on behalf of Tatyana Mazik. (SCHOLL, DAVID) (Entered: 02/12/2018) |
| 02/07/2018 | <u>9</u><br>(4 pgs) | Notice of Appearance and Request for Notices by KARINA VELTER Filed by KARINA VELTER on behalf of WELLS FARGO BANK, N.A.. (VELTER, KARINA) Modified on 2/9/2018 (P., Paul). (Entered: 02/07/2018) |
| 02/06/2018 | 8 | Matrix Filed. Number of pages filed: 1, Filed by Tatyana Mazik . (R., Yvette) (Entered: 02/06/2018) |
| 02/06/2018 | <u>7</u><br>(2 pgs; 2 docs) | Entry of Appearance and Request for Notice by KEVIN S. FRANKEL Filed by KEVIN S. FRANKEL on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. (Attachments: # <u>1</u> Certificate of Service) (FRANKEL, KEVIN) Modified on 2/7/2018 (P., Paul). (Entered: 02/06/2018) |
| 02/02/2018 | <u>6</u><br>(2 pgs) | BNC Certificate of Mailing - Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # <u>2</u>)). No. of Notices: 1. Notice Date 02/02/2018. (Admin.) (Entered: 02/03/2018) |
| 01/31/2018 | <u>5</u> | Statement of Social Security Number Received. Filed by Tatyana Mazik . (R., Yvette) (Entered: 02/01/2018) |
| 01/31/2018 | <u>4</u><br>(2 pgs) | Pro Se Statement Filed by Tatyana Mazik . (R., Yvette) (Entered: 02/01/2018) |
| 01/31/2018 | <u>3</u><br>(1 pg) | Certificate of Credit Counseling Filed by Tatyana Mazik . (R., Yvette) (Entered: 02/01/2018) |
| 01/31/2018 |  | Receipt Number 250095, Fee Amount $310.00 (related document(s)<u>1</u>) Chapter 13 Voluntary Petition for Individual. (R., Yvette) (Entered: 01/31/2018) |
| 01/31/2018 | <u>2</u><br>(1 pg) | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: SSN - Form B21 /Tax ID due 2/7/2018. Chapter 13 Plan due by 2/14/2018.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/14/2018. Means Test Calculation Form 122C-2 Due: |

| | | |
|---|---|---|
| | | 2/14/2018. Schedules AB-J due 2/14/2018. Statement of Financial Affairs due 2/14/2018. Summary of Assets and Liabilities Form B106 due 2/14/2018. Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (R., Yvette) (Entered: 01/31/2018) |
| 01/31/2018 | | WILLIAM C. MILLER, Esq. added to case. (R., Yvette) (Entered: 01/31/2018) |
| 01/31/2018 | | Judge Eric L. Frank added to case. (R., Yvette) (Entered: 01/31/2018) |
| 01/31/2018 | 1 (16 pgs; 2 docs) | Chapter 13 Voluntary Petition for Individual . Receipt Number 0, Fee Amount $0.00 Filed by Tatyana Mazik . SSN - Form B21 /Tax ID due 2/7/2018. Government Proof of Claim Deadline: 7/30/2018. Chapter 13 Plan due by 2/14/2018.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 2/14/2018. Means Test Calculation Form 122C-2 Due: 2/14/2018. Schedules AB-J due 2/14/2018. Statement of Financial Affairs due 2/14/2018. Summary of Assets and Liabilities Form B106 due 2/14/2018. Incomplete Filings due by 2/14/2018. (R., Yvette) Additional attachment(s) added on 2/1/2018 (R., Yvette). ***Modified on 2/1/2018 to attach corrected document***(R., Yvette). (Entered: 01/31/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/26/2018 16:38:39 | | | |
| **PACER Login:** | fn1282:3978591:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 18-10643-elf Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT C

**Fill in this information to identify the case:**

Debtor 1    Tatyana Mazik

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Eastern District of Pennsylvania

Case number    18-10643-elf

---

Official Form 410

# Proof of Claim

04/16

Read the Instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Chicago Title Insurance Company
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Dana B. Ostrovsky, Esquire
Name

1515 Market Street, Suite 1410
Number    Street

Philadelphia        PA        19103
City            State        ZIP Code

Contact phone    267-608-1728

Contact email    dana.ostrovsky@fnf.com

Where should payments to the creditor be sent? (if different)

Dana B. Ostrovsky, Esquire
Name

1515 Market Street, Suite 1410
Number    Street

Philadelphia        PA        19103
City            State        ZIP Code

Contact phone    267-608-1728

Contact email    dana.ostrovsky@fnf.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                    MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   - ☑ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim?    $_____1,018,079.16. Does this amount include interest or other charges?
   - ☐ No
   - ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   fraud, fraudulent conveyances, theft

9. Is all or part of the claim secured?
   - ☑ No
   - ☐ Yes. The claim is secured by a lien on property.

     Nature of property:
     - ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
     - ☐ Motor vehicle
     - ☐ Other. Describe: _____

     Basis for perfection: _____
     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     Value of property:    $_____
     Amount of the claim that is secured:    $_____
     Amount of the claim that is unsecured:    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

     Amount necessary to cure any default as of the date of the petition:    $_____

     Annual Interest Rate (when case was filed)_____%
     - ☐ Fixed
     - ☐ Variable

10. Is this claim based on a lease?
    - ☑ No
    - ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?
    - ☑ No
    - ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    06/28/2018
                    MM / DD / YYYY

Dana B. Ostrovsky /s/
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Dana B. Ostrovsky |
| | First name        Middle name        Last name |

| Title | Attorney |

| Company | Chicago Title Insurance Company |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 1515 Market Street, Suite 1410 |
| | Number        Street |
| | Philadelphia                    PA        19103 |
| | City                            State     ZIP Code |

| Contact phone | 267-608-1728 | Email | dana.ostrovsky@fnf.com |

Proof of Claim Itemization

Debtor: Tatyana Mazik

Creditor: Chicago Title Insurance Company

Case No. 18-10643-elf

Filing Date: January 31, 2018

Note 1:

Principal Balance: 376,537.02

Interest @ 6% since February 1, 2008: 233452.95

Late Fees @5% of $2346.64=$117.32 x 124 months=$14,549.17

Escrow Advance: $39,837.11

Subtotal: $664,376.25

Note 2:

Principal Balance: 188,678.87

Interest @ 6.375% since February 1, 2009:  $112,263.92

Late Fees @ 5% of $1347.56= $67.37 per month x 112 months:  $7,456.34

Escrow Advance: $45,183.98

Insufficient Funds: $120.00

Subtotal: $353,702.91

TOTAL: $1,018,079.16

# EXHIBIT D

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

NO. 18-10643-elf

IN RE:

CHAPTER 13

TATYANA MAZIK, Debtor

CHICAGO TITLE INSURANCE CO., Movant

v.

TATYANA MAZIK, Debtor/Respondent

and

WILLIAM C. MILLER, Trustee/Respondent

---

**OBJECTION OF CHICAGO TITLE INSURANCE COMPANY TO CONFIRMATION
OF DEBTOR'S CHAPTER 13 PLAN AND REQUEST FOR CASE TO BE DISMISSED**

Chicago Title Insurance Company, by and through its undersigned counsel, hereby objects

to the confirmation of Tatyana Mazik's Chapter 13 Plan pursuant to 11 U.S. §§ 109(e), 1324, and

1325(a)(1),(2),(3), (5),(6), and (7), 1322(b)(2) and (5), and 523(a) requests that this Court enter an

order denying confirmation of the Plan and dismissing his Chapter 13 case. In support, Fidelity

states as follows:

1.      The Debtor's Petition and Plan were filed in bad faith.  The Debtor is a serial

bankruptcy filer and has failed to make required payments, attend required hearings, and submit

required documents in a timely manner.  Her present petition—like her previous petitions—have

been filed in bad faith to frustrate creditors.  In addition, her plan does not accurately list either her

debts or her assets.

2.      The Debtor did not accurately list all of her debts, including the Debtor's obligations

of over $1,000,000 under two separate mortgage loan notes owned by Chicago.

3.      The value of property to be distributed to unsecured creditors under the Plan is less than the amount that would be paid under Chapter 7.  U.S.C. §1325 (a)(4)

4.      The Plan is not for the applicable commitment period and does not provide for payment in full of all unsecured claims.

WHEREFORE, Chicago respectfully requests that the Court deny confirmation of the Debtor's plan and dismiss this case.

FIDELITY NATIONAL LAW GROUP

Dated: July 2, 2018                          /s/ Dana B. Ostrovsky
                                             DANA B. OSTROVSKY
                                             Attorney for Creditor,
                                             CHICAGO TITLE
                                             INSURANCE COMPANY

# EXHIBIT E

## IN THE UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

**NO.**

**TATYANA MAZIK, Debtor**

**CHAPTER 13**

**CHICAGO TITLE INSURANCE CO., Movant**

**v.**

**COMPLAINT TO DETERMINE
NON-DISCHARGEABILITY OF
DEBT PURSUANT TO 11 U.S.C.
§523(a)(2)(A) AND §523(a)(6)**

**TATYANA MAZIK, Debtor/Respondent**

Chicago National Title Insurance Company ("Chicago"), by and through its undersigned counsel, hereby files this Complaint against Tatyana Mazik a/k/a Tatyana Skylar, the debtor (hereinafter "Mazik," "Debtor," or "Defendant"), to determine the non-dischargeability of debt pursuant to 11 U.S.C. §523. Fidelity requests entry of a non-dischargeability judgment against the Debtor for the full amount of the debt (including, but not limited to, principal, interest, costs and attorneys' fees) determined to be owing to Chicago as a debt pursuant to 11 U.S.C. §101(12) and determined to be non-dischargeable pursuant to 11 U.S.C. §523. For its Complaint against the Debtor, Chicago alleges as follows:

### PARTIES

1.      Plaintiff, Chicago, is a Florida corporation duly registered to conduct business in Pennsylvania. Under the facts and circumstances alleged in this Complaint, Chicago holds an unsecured claim against the Debtor pursuant to 11 U.S.C. §101(5), and therefore the Debtor is obligated for a debt pursuant to 11 U.S.C. §101(12).

2.      Defendant, Mazik, is an individual residing in the Commonwealth of Pennsylvania.

## JURISDICTION

3.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §157 and §1334 because this matter arises under 11 U.S.C. §523.

4.      The instant Complaint presents a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I), in which the Court has jurisdiction to enter a final judgment.

5.      The instant Complaint commences an adversary proceeding under Fed. R. Bankr. P. 7001(6) that relates to the Chapter 7 bankruptcy case of the Debtor currently pending before this Court at No. 18-10643-elf.

## VENUE

6.      Venue is proper in this District under 11 U.S.C. §1409(a) because the Debtor's Chapter 7 bankruptcy case is pending in this District.

## GENERAL ALLEGATIONS

7.      Defendant is the former owner of real property commonly known as 102 Horseshoe Lane, North Wales, PA. ("the Horseshoe Lane Property").

8.      Defendant is the former owner of real property known as 1477 Rockwell Road, Abington, PA 19001-2623 ("the Rockwell Road Property").

9.      Defendant also claims she owns a 1/3 unrecorded interest in the real property commonly known as 1269 Waller Drive in Huntingdon Valley, PA.[1]

### The Horseshoe Lane Property

10.     Upon information and belief, in early 2005, Yuriy Mazik, husband of Defendant, purporting to act as a licensed real estate agent on behalf of Susan and Philip

---

[1] In her Chapter 7 petition filed in 2017 at Docket No. 17-12125, Mazik claimed a 50% unrecorded interest.

2

Shapiro ("the Shapiros"), negotiated their purchase of the Horseshoe Lane Property from

Eugenia Menis ("Menis").

11.    Upon information and belief, Yuriy Mazik also agreed to arrange for the

Shapiros to obtain a mortgage loan to finance their purchase of the Horseshoe Lane Property.

12.    Upon information and belief, Yuriy Mazik was not a licensed real estate

saleperson, nor was he a licensed mortgage broker.

13.    Upon information and belief, the Shapiros paid a $40,000 deposit under the

agreement with Menis.

14.    Upon information and belief, on the scheduled date of the closing for the

purchase of the Horseshoe Lane Property, Yuriy Mazik told the Shapiros for the first time

that they had not qualified for a loan to finance the purchase and that they would be unable to

close.

15.    Upon information and belief, the Shapiros had already sold their residence and

needed to close on the Horseshoe Lane Property so that they had a home in which to live.

They also risked losing their $40,000 deposit if the sale did not close.

16.    Yuri Mazik told the Shapiros that he could solve their problem as follows:

a.  Menis would sell the Property to Yuriy Mazik's wife, Defendant, Tatyana Mazik,
who would obtain a loan and mortgage to pay for the purchase while using the
Shapiros' $40,000 deposit as part of the purchase price;

b.  The Shapiros would live at the Property while they paid Tatyana Mazik's mortgage;
and

c.  The Shapiros would eventually reapply for a loan and mortgage to enable them to
purchase the Property from Tatyana Mazik.

17.    Upon information and belief, Yuriy Mazik arranged for Tatyana Mazik to

purchase the Horseshoe Lane Property from Menis for $412,000 on March 5, 2005.

18.     In order to pay for her purchase of the Horseshoe Lane Property, Mazik obtained a purchase money loan from America's Wholesale Lender in the amount of $391,400 ("the Horseshoe Lane Loan") and signed a Promissory Note ("the Horseshoe Lane Note") memorializing the terms of same.  A true and correct copy of the Horseshoe Lane Note is attached hereto as Exhibit "A."

19.     As security for repayment of the Horseshoe Lane Loan, Mazik promised to give a valid lien of first priority against the Property for America's Wholesale Lender ("AWL"), and its successors and assigns, and she executed a mortgage memorializing the terms of same ("the Horseshoe Lane Mortgage").  A true and correct copy of the Horseshoe Lane Mortgage is attached hereto as Exhibit "B."

20.     In connection with the Horseshoe Lane Loan and Mortgage, Chicago issued a lender's policy of title insurance ("the Horseshoe Lane Policy") to America's Wholesale Lender, and its successors and assigns to insure the priority of the Horseshoe Lane Mortgage as a first lien on the Property.  A true and correct copy of the Horseshoe Lane Policy Commitment is attached hereto as Exhibit "C."

21.     Due to fraud and collusion between Yuriy Mazik, Tatyana Mazik, and the settlement agent they selected to conduct the closing, which was not known to AWL or Chicago at the time, the Horseshoe Lane Mortgage was never recorded.

22.     After the May 2005 closing, a deed from Menis to Mazik was recorded by the Montgomery County Recorder of Deeds in Book 5563, Page 436.

23.     Upon information and belief, the Shapiros moved into the Property in or around May 2005 and paid the monthly mortgage payments to Countrywide, the assignee of the Mortgage and Note from AWL.

4

24.    Upon information and belief, the Shapiros remained unable to obtain a loan to acquire the property from Tatyana Mazik, and they became concerned about the $40,000 they paid toward the purchase of the Horseshoe Lane Property—by Tatyana Mazik—and their ongoing payments towards the Horseshoe Lane Mortgage without a recorded ownership interest in the Horseshoe Lane Property.

25.    As an accommodation, Defendant Mazik gave the Shapiros' daughter, Ashley J. Shapiro, a 50% interest in the Horseshoe Lane Property for the stated consideration of $1.00 by deed dated September 9, 2005.

26.    For some unknown reason, Ashley J. Shapiro quitclaimed her 50% interest in the Horseshoe Lane Property back to Defendant Mazik for the stated consideration of $1.00 by deed dated June 30, 2007 and recorded in the Office of the Montgomery County Recorder of Deeds in Book 5654, Page 686.

27.    Less than seven months later, Defendant conveyed the Horseshoe Lane Property to Ashley J. Shapiro's father, Philip Shapiro, by way of a deed dated February 14, 2008 for the stated consideration of $440,000, which was recorded in the Office of the Montgomery County Recorder of Deeds as Instrument No. 2008017962.

28.    That same day, Shapiro executed a mortgage against the Property and in favor of Emigrant Mortgage Company, Inc. to secure his repayment of a purchase money loan in the amount of $264,000.00 ("the Emigrant Mortgage"), which was recorded on February 26, 2008 in the Montgomery County Commissioner's Registry at Book 12331, Page 01994, as Instrument No. 2008017963.

29.    At the time of the sale to Shapiro, Defendant failed to advise the settlement agent about the Horseshoe Lane Mortgage and failed to direct disbursement of any proceeds to satisfy her repayment obligation under the Horseshoe Lane Note.

5

30.     Thus, the Horseshoe Lane Loan was not paid off upon the sale to Shapiro; rather, the proceeds from the Emigrant Mortgage purchase money loan were distributed to Defendant Mazik in cash.

31.     At or around that same time, Defendant Mazik defaulted on her repayment of the Horseshoe Lane Note, which had been sold to Bank of New York.

32.     In connection with Bank of New York's foreclosure efforts, it discovered that Mazik had already sold the Horseshoe Lane Property and taken the sale proceeds without satisfying the Horseshoe Lane Note.

33.     Bank of New York also discovered that the Mortgage had not been recorded, and therefore could not foreclose on the Horseshoe Lane Property.

34.     Accordingly, Bank of New York tendered a claim to Chicago under the Horseshoe Lane Policy.

35.     Chicago accepted coverage and tendered payment in the amount of $385,000.00 to Bank of America fbo Bank of New York (holder of the Note and Mortgage) pursuant to its obligations under the Horseshoe Lane Policy.  A true and correct copy of Chicago's payment letter to Bank of America is attached hereto as Exhibit "D."

36.     In exchange—and in accordance with the terms of the Horseshoe Lane Policy, Bank of America assigned its interest in the Horseshoe Lane Note and Mortgage to Chicago.

37.     Chicago is now the holder of the Horseshoe Lane Note and owner of the Horseshoe Lane Mortgage, but it has been unable to record a written assignment since the Horseshoe Lane Mortgage was not recorded when the Horseshoe Lane Property was sold.

38.     Chicago demanded that Defendant satisfy the entire principal amount due and owing to it by letters dated June 13, 2015 and September 16, 2015, but she has failed and refused to do so. True and correct copies of Chicago's demand letters are attached collectively hereto as Exhibit "E."

39.     The Horseshoe Loan Note remains in default for Defendant's failure to make the required monthly repayments, and there is a principal balance due and owing of $376,537.02, together with interest from February 2008, plus fees and costs for a total in excess of $664,376.25.

**The Rockwell Road Property**

40.     On or around August 5, 2005, Defendant and her husband, Yuriy Mazik, ("the Maziks") purchased the Rockwell Road Property for the stated consideration of $240,000.00.

41.     In order to pay for the Rockwell Road Property, the Maziks obtained a purchase money loan from AWL in the amount of $216,000 ("the Rockwell Road Loan") and signed a Promissory Note ("the Rockwell Road Note") memorializing the terms of same. A true and correct copy of the Rockwell Road Note is attached hereto as Exhibit "F."

42.     As security for repayment of the loan, the Maziks promised to give a valid lien of first priority against the Property for AWL, and its successors and assigns, and they executed a mortgage memorializing the terms of same ("the Rockwell Road Mortgage"). A true and correct copy of the Rockwell Road Mortgage is attached hereto as Exhibit "G."

43.     In connection with that transaction, Chicago issued a lender's policy of title insurance ("the Policy") to AWL, and its successors and assigns. A true and correct copy of the Policy Commitment is attached hereto as Exhibit "H."

44.     Due to fraud and collusion between the Maziks and others, including the settlement agent, which was not known to AWL or Chicago at the time, the Rockwell Road Mortgage was never recorded.

45.     On December 26, 2006, the Maziks conveyed the Rockwell Road Property to Viktor Lipovoy via Warranty Deed recorded on January 23, 2007 in the Montgomery County Recorder of Deeds at Book 5632, Page 01511 for the purported consideration of $430,000—although it does not appear that he gave a mortgage against the Rockwell Road Property in order to obtain title.

7

46.     Defendant failed to advise the settlement agent about the Rockwell Road Mortgage and failed to direct disbursement of any proceeds to satisfy her repayment obligation under the Rockwell Road Note.

47.     Thus, the Rockwell Road Loan was not paid off upon the conveyance to Lipovoy; rather, the proceeds from sale were distributed to Defendant Mazik in cash.

48.     Even so, the Maziks continued to make the monthly payments due under the Rockwell Road Note.

49.     In the meantime, Viktor Lipovoy conveyed the Property to Scott M. Wargo and Greg A. Farrell via Warranty Deed dated March 24, 2007 and recorded on April 16, 2007 in the Montgomery County Recorder of Deeds at Book 5643, Page 00720 for the stated consideration of $423,750.00.

50.     In order to finance their purchase of the Rockwell Road Property, Scott M. Wargo and Greg A. Farrell obtained a purchase money loan from Cartus Home Loans ("Cartus") in the amount of $402,562.50 and granted Cartus a purchase money mortgage against the Property ("the Cartus Mortgage"), which was recorded on April 16, 2007 in the Montgomery County Recorder of Deeds at Book 12084, Page 00237.

51.     The Rockwell Road Note was not paid off with the proceeds of the Cartus Mortgage loan upon the sale to Wargo and Farrell.

52.     Rather, upon information and belief, all the proceeds from the Cartus Mortgage loan were distributed to Lipovoy and then to the Maziks.

53.     Nevertheless, the Maziks continued to make the monthly payments due under the Rockwell Road Note until October 2009.

54.     By then, the Rockwell Road Mortgage loan had been sold to Bank of America.

8

55.    In connection with Bank of America's collection efforts, it discovered that the Maziks had already sold the Rockwell Road Property and taken the sale proceeds without satisfying the Rockwell Road Mortgage loan.

56.    Bank of America also discovered that the Rockwell Road Mortgage had not been recorded, and therefore Bank of America could not foreclose on the Rockwell Road Property.

57.    Accordingly, Bank of America tendered a claim to Chicago under the Rockwell Road Policy.

58.    Chicago accepted coverage and tendered payment in the amount of $216,000.00 to Bank of America pursuant to its obligations under the Policy.  A true and correct copy of Chicago's check dated December 3, 2015 is attached hereto as Exhibit "I."

59.    In exchange—and as required by the Policy, Bank of New York tendered the Rockwell Road Note to Chicago.

60.    Upon tender of the Note to Chicago by Bank of America, Chicago became the owner of the Horseshoe Lane Mortgage, but it has been unable to record a written assignment since the Horseshoe Lane Mortgage was not recorded when the Rockwell Road Property was sold.

61.    The Rockwell Road Note remains in default for Defendant's failure to make the required monthly repayments, and there is a principal balance due and owing of $188,678.87, together with interest from February 2009, plus fees and costs for a total in excess of $353,702.

**Prior Bankruptcy Proceedings**

62.    On July 24, 2012, Defendant filed a Chapter 13 Petition in this Court at Docket No. 12-16989-elf. That case was dismissed for her failure to make plan payments on August 27, 2013.

63.    On December 15, 2015, Defendant filed a Chapter 13 Petition in this Court at Docket No. 15-18950-elf. That case was dismissed for her failure to make plan payments on August 23, 2016.

64.    On March 28, 2017, Defendant filed a Chapter 7 Petition in this Court at Docket No. 17-

9

12125.

65.     In her Schedules, she failed to identify all real and personal property she owns, and failed

to identify the aforementioned debts she owes to Chicago under the Horseshoe Lane and Rockwell Road

Notes.

66.     Chicago filed a non-dischargeability complaint on June 30, 2017 at Docket No. 17-0188.

67.     Defendant failed to make required payments, attend a hearing scheduled by the Court, and

failed to attend the meeting of creditors so her petition was dismissed on August 21, 2017.

68.     As a result, Chicago's adversary action was also dismissed.

**Current Proceedings**

69.     On January 31, 2018, Defendant filed a Chapter 13 Petition in this Court at Docket No.

18-10643-elf.

70.     Unaware of her pending petition, Chicago filed an action to recover the outstanding

balance owed by Defendant under the aforementioned notes she signed in this Court on March 14, 2018

at Docket No. 18-01116.

71.     That action is now stayed by virtue of Defendant's pending Chapter 13 petition.

### FIRST CLAIM FOR RELIEF UNDER 11 U.S.C. §523(a)(2)

72.     Plaintiff repeats and realleges the preceding paragraphs as if same were set forth more fully

at length herein.

73.     Defendant's liability to Plaintiff arises from transactions in which Defendant obtained

money by false pretenses, false representations, and actual fraud.

74.     Specifically, when Defendant accepted the proceeds of the Horseshoe Lane and

Rockwell Road Mortgages from AWL Defendant represented that she was agreeing to a recorded lien of

first priority against the respective properties, which induced AWL to disburse the loan proceeds and

Chicago to issue Policies insuring the Mortgages as recorded instruments.

75.    Due to the aforementioned collusion, Defendant knew at the time she applied for and signed the Mortgages that they were not going to be recorded as liens against the properties.

76.    When Defendant Mazik sold the Horseshoe Lane and Rockwell Road Properties—which were not arms' length transactions--she failed to disclose the unrecorded mortgages to Chicago's title agent, and instead accepted full disbursement of the net sale proceeds, thus purposely failing to pay off the balances she owed under the Notes.

77.    As a result of Defendant Mazik's fraudulent representations and omissions, Chicago suffered damages.

78.    For the foregoing reasons, Defendant's liability to Chicago is not dischargeable under 11 U.S.C. §523(a)(2)(A).

### SECOND CLAIM FOR RELIEF UNDER 11 U.S.C. §523(a)(6)

79.    Plaintiff repeats and realleges the preceding paragraphs as if same were set forth more fully at length herein.

80.    Based on each and every fact and statement alleged above, Defendant acted deliberately, intentionally, wrongfully, willfully, maliciously, and without just cause and without excuse as to AWL and Chicago.

81.    Defendant's malicious and willful fraudulent conduct caused the losses suffered by Chicago in the principal amount of $1,018,702, together with interest, costs, attorneys' fees, and other damages to be established according to proof.

82.    Defendant's liability to Chicago arises from conduct in which she intentionally committed wrongful acts in the procuring of loans which she knew were not going to be recorded and thus secured by real property, and that she did not pay off the loans when the properties were sold, despite receiving monies from the sale of the properties.

83.    Defendant's actions necessarily caused the aforementioned injuries, and were done without just cause or excuse, as Defendant intentionally performed the acts and knew the non-payment of the aforementioned Notes would lead to losses by the Lenders and/or the insurer.

84.    For the foregoing reasons, Defendant's liability to Plaintiff, in the principal amount of $1,018,079 is not dischargeable under 11 U.S.C. §523(a)(6).

### PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

1.    That the Court determine that the debt in the sum of $1,018.079, together with interest at the legal rate is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and/or §523(a)(6);

2.    For an award of attorneys' fees as allowable by the law and in an amount the Court determines to be reasonable;

3.    For costs of suit herein incurred; and

4.    For such other and further relief as this Court deems just and proper.

FIDELITY NATIONAL LAW GROUP

Dated: July 2, 2018

/s/ *Dana B. Ostrovsky*
DANA B. OSTROVSKY
Attorney for Plaintiff,
CHICAGO TITLE
INSURANCE COMPANY