IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>TATYANA MAZIK, Debtor<br><br>CHICAGO TITLE INSURANCE CO., Movant<br><br>v.<br><br>TATYANA MAZIK, Debtor/Respondent | NO. 18-10643<br><br>CHAPTER 13 |

**OPPOSITION OF CHICAGO TITLE INSURANCE COMPANY TO TATYANA MAZIK'S MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff, Chicago National Title Insurance Company ("Chicago"), by and through its undersigned counsel, hereby files its opposition to the Motion of Tatyana Mazik a/k/a Tatyana Skylar, the debtor (hereinafter "Mazik," "Debtor," or "Defendant"), to dismiss its Amended Complaint and avers as follows:

1. Admitted.

2. Admitted.

3. Denied as stated. It is admitted that Plaintiff was listed as an unsecured creditor on the Debtor's Schedule when she filed her *pro se* petition, and that it now appears as an "interested" party on the mailing matrix. However, it is specifically denied that Plaintiff was listed on the mailing matrix prior to the entry of appearance by its undersigned counsel on July 2, 2018. To the contrary, upon information and belief, Plaintiff was added to the matrix at some point after it filed its motion for leave to file a late claim that same day.

4. Denied as stated. While Plaintiff now appears as an "interested" party on the mailing matrix, Plaintiff was not listed on the matrix at the time Defendant filed her *pro se* petition in

February 2018, and Plaintiff was not added to the matrix when Defendant's counsel first entered an appearance. To the contrary, upon information and belief, Plaintiff was added to the matrix at some point after July 2, 2018.

5. Denied as stated. While it is admitted that Plaintiff filed its Complaint on July 2, 2018, the Complaint is a written document, the terms of which speak for themselves. Any attempt to characterize same is specifically denied.

6. Denied as stated. It is admitted that Plaintiff's Complaint was filed after the bar date for claims and the deadline for filing complaints objecting to dischargeability. Otherwise, the Complaint is a written document, the terms of which speak for themselves, and any attempt to characterize same is specifically denied.

7. Denied as stated. The Court's October 30, 2018 Memorandum and Order are written documents, the terms of which speak for themselves. Any attempt to characterize same is specifically denied.

8. Denied as stated. The Amended Complaint is a written document, the terms of which speak for themselves. Any attempt to characterize same is specifically denied. By way of further response, the Amended Complaint was properly filed.

9. Denied as stated. The Amended Complaint is a written document, the terms of which speak for themselves. Any attempt to characterize same is specifically denied. By way of further response, the Amended Complaint was properly filed and Defendant admits receiving electronic notice of same.

10. Denied. This paragraph, including all subparts, sets forth a conclusion of law to which no response is necessary. By way of further response, the Amended Complaint is a written document, the terms of which speak for themselves. Any attempt to characterize same is specifically denied. By way of further response, the Amended Complaint sets forth the facts that form the basis

for the relief sought under 11 U.S.C. § 523(a)(3) in accordance with the Court's October 30, 2018 Order.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and order her to file an Answer to the Complaint.

                                      FIDELITY NATIONAL LAW GROUP

Dated: December 24, 2018           /s/ *Dana B. Ostrovsky*
                                      DANA B. OSTROVSKY
                                      Attorney for Plaintiff,
                                      CHICAGO TITLE
                                      INSURANCE COMPANY