UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Tatyana Mazik<br>                    Debtor<br><br>Yuriy Mazik<br>                    Co-Debtor<br><br>SN Servicing Corporation as servicer for US Bank Trust National Association, as Trustee of the Lodge Series III Trust<br>                    Movant<br>v.<br><br>Tatyana Mazik<br>Yuriy Mazik<br>William C. Miller - Trustee<br>                    Respondents | CASE NO.: 18-10643-elf<br><br>CHAPTER 13<br><br>Judge:  Eric L. Frank<br><br>Hearing Date: June 15, 2021 at 9:30 am<br><br>Objection Deadline: June 3, 2021 |

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY**

SN Servicing Corporation as servicer for US Bank Trust National Association, as Trustee of the Lodge Series III Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay and co-debtor stay pursuant to 11 U.S.C. § 1301 to permit Movant to enforce its mortgage on the Debtor's premises located at 1269 Waller Drive, Huntingdon Valley, PA 19006 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.    Movant is the holder of a Note executed by the Debtor dated March 27, 2003 whereby the Debtor promised to repay $322,700.00 plus interest to Chase Manhattan Mortgage Corporation (the "Original Lender").  To secure the repayment of the obligation evidenced by the

Note, the Debtor Tatyana Mazik and Co-Debtor Yuriy Mazik executed a Mortgage in favor of Chase Manhattan Mortgage Corporation, encumbering the Property, which was recorded in Recorder of Deeds Office in Montgomery County, Pennsylvania under Book 10300, Page 1413. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreement are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on January 31, 2018.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor's confirmed Seventh Amended Chapter 13 Plan provided for Loan Modification by Movant, with adequate protection payments of $1,800.00 per month during the modification process. A Copy of the Debtor's Seventh Amended Chapter 13 Plan is attached as **Exhibit B**.

6. The loan was not modified as contemplated by Debtor's Seventh Amended Chapter 13 Plan.

7. The Debtor's Seventh Amended Chapter 13 Plan provides that in the current procedural position, Movant may seek relief form the automatic stay with regard to the collateral. See **Exhibit B**, Seventh Amended Plan, paragraph 4 (f)(3)(B).

8. Debtor has failed to bring the loan current by curing the delinquency. The loan secured by the Mortgage remains post-petition due for May 1, 2019 payment.

9. Debtor's Schedule A/B sets forth the value of the Property as $450,000 on the date the Bankruptcy Petition was filed.

10. At the time that Debtor filed Bankruptcy, the total amount of Movant's claim, as set forth in its duly filed Proof of Claim, was $607,073.98.

11. Debtor and Co-Debtor have no equity in the Property.

12. The Property is not necessary for effective reorganization, as Debtor has ownership interests in two other real properties, according to the Debtor's Bankruptcy Schedules.

13. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

9. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

11. Plaintiff incurred attorney's fees in the amount of $1,050.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

12. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

13. For the foregoing reasons, the Co-Debtor stay also should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtor,

Yuriy Mazik.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); vacating the co-debtor stay of 11 U.S.C. § 1301 and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: May 20, 2021

By: _/s/Lorraine Gazzara Doyle_____
Lorraine Gazzara Doyle, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 230
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com