**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**TATYANA MAZIK,**                                                    :        **CHAPTER 13**

**Debtor**

: **BANKRUPTCY NO. 18-10643**

**ORDER SUR MOTION OF SN SERVICING CORPORATION, AS SERVICER FOR US BANK TRUST NATIONAL ASSOCIATION ("SN") FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, this _____ day of June, 2021, upon consideration of the Motion of SN for Relief from the Automatic Stay, and the Answer of the Debtor thereto, it is hereby ORDERED (that the above-referenced Motion is DENIED (that the continuation of the automatic stay is conditioned on the following: _____)..

_____J.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**In re:**

**TATYANA MAZIK,**                    :        **CHAPTER 13**

**Debtor**

: **BANKRUPTCY NO. 18-10643**

**DEBTOR'S ANSWER TO MOTION OF SN SERVICING CORPORATION, AS SERVICER FOR US BANK TRUST NATIONAL ASSOCIATION ("SN") FOR RELIEF FROM THE AUTOMATIC STAY, WITH AFFIRMATIVE DEFENSES**

1. The allegations of paragraphs 1-5 and 9 of the Motion are admitted.

2. All other allegations of the Motion, including the mis-numbered second series of allegations at paragraphs 9 through 13, are denied. Strict proof of all such allegations, if deemed relevant are demanded.

**AFFIRMATIVE DEFENSES**

3. The Debtor's Seventh Amended Chapter 13 plan ("the Plan") was confirmed on April 18, 2019.

4. The Plan provided, inter alia, that the Debtor will apply for a Loan Modification. It was implicitly agreed that all parties would act in good faith in the loan modification process, and make reasonable efforts to attempt to obtain a permanent loan modification agreement between the parties.

5. The loan modification process commenced with both parties so acting in good faith.

6. Towards that end, on September 17, 2019, counsel for the mortgagee withdrew

a motion for relief from the automatic stay which it had filed on May 17, 2019.

7. Also towards that end, later in 2019, SN and its principals offered the Debtor a trial loan modification, requiring her to make certain payments for six months.

8. Although the Motion fails to recite or credit the trial loan payments, all six of these payments, and one additional good faith payment, were made and received by SN or its principals.

9. After the six payments were made and received, SN or its principals offered the Debtor a permanent loan modification with the same monthly payments as the trial payments.

10. On or about June 26, 2020, the Debtor executed and had notarized the proposed permanent loan modification.

11. On or about April, 2020, the Debtor's husband contracted the COVID -19 virus. The employment of both the Debtor and her husband were adversely affected to a very significant degree by the presence of the virus infection.

12. As a result of the virus's presence, the Debtor requested forbearance from the loan modification payments for several months through a letter sent to SN on or about May 4, 2020.

13. Although SN or its principals stated that the forbearance requested by the Debtor was available to customers, it contended incorrectly that no written request for forbearance was received from the Debtor. This alleged failure to receive the Debtor's written forbearance may have been attributable to the mail delivery issues which occurred in this country at about that time.

14. The Debtor received no communications from SN or its principals until February 5, 2021, when SN's counsel sent a letter to the Debtor's counsel alleging a violation of a Stipulation resolving a Motion to Allow Late Claim of the mortgagee, and demanding payments from November, 2018, to February, 2021.

15. The letter of February 5, 2021, was not sent by email and was not received by the Debtor's counsel until February 11, 2021.  Upon receipt, a telephone call was made by the Debtor's counsel to the office of SN's counsel.

16. After discussions with a paralegal in the office of SN's counsel, a letter of February 18, 2021, was sent to SN's counsel offering to make five payments immediately to restore the permanent loan modification terms.

17. In response to this letter, SN's counsel sent the Debtor's counsel a letter of February 25, 2021, in which it was asked "when you[sic] client can remit the five missed payments and what the total of that tender will be and I will ask my client to attempt to rework the modification, if your client is agreeable to the loan modification."

18. In reply to that letter, the Debtor made five payments to SN totaling approximately $15,000, $20,000, agreed to resume the monthly payments thereafter, made an additional payment of approximately $3000 thereafter, and agreed to make an additional lump-sum payment to catch up with the loan modification payments.

19. Thereafter, SN renounced its proposal to rework the loan modification; filed a Certificate of Default of the Stipulation of November, 2018, seeking relief from the automatic stay against the Debtor; has accepted temporary loan modification payments and permanent loan modification payments of approximately $30,000 without crediting same to the Debtor; and, in violation of its implicit agreement to take all reasonable measures to complete a final permanent loan modification agreement between the parties, has refused to rework the permanent loan modification despite the Debtor's offering any reasonable means to do so.

20. After SN or its principals withdrew their Certification of Default, and prior to the filing of this Motion, and has retained approximately $30,000 without accounting for same, the Debtor reiterated her willingness to negotiate a reasonable resolution to rework the permanent loan modification agreement, and continues to so offer, thus indicating her good

faith to comply with the terms of a permanent loan modification agreement, in accordance with the terms of her confirmed plan.

      21. As an alternative to granting or denying the Motion outright, the Debtor submits that this court may and should condition relief on her compliance with reasonable terms to salvage or rework the parties' permanent loan modification agreement.

      WHEREFORE, the Debtor requests that this court will dismiss or deny the Motion, or, in the alternate will order relief conditioned on certain performances by the Debtor.

_____

-      /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Attorney for Debtor

-