UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Tatyana Mazik<br>              Debtor<br><br>Yuriy Mazik<br>              Co-Debtor<br><br>SN Servicing Corporation as servicer for US Bank Trust National Association, as Trustee of the Lodge Series III Trust<br>Movant<br>v.<br><br>Tatyana Mazik<br>Yuriy Mazik<br>William C. Miller - Trustee<br>              Respondents | Case No. 18-10643-elf<br><br>Chapter: 13<br><br>Judge:  Eric L. Frank<br><br>Hearing Date: June 22, 2021 at 9:30 am |

## REPLY TO DEBTOR'S ANSWER TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY WITH AFFIRMATIVE DEFENSES

SN Servicing Corporation as servicer for US Bank Trust National Association, as Trustee of the Lodge Series III Trust, its predecessors and assigns  (hereinafter "Secured Creditor" ) replies in further support of the Motion for Relief filed on May 20, 2021 (ECF Doc. No. 172, the "Motion"), and in response to Debtor's Answer with Affirmative Defenses filed on May 26, 2021 (ECF Doc. No. 174, the "Objection") as follows:

1-2.    No response needed.

AFFIRMATIVE DEFENSES

3.    Admitted.  A copy of the confirmed Seventh Amended Plan is attached as **Exhibit "A**."

4. Admitted in Part. Denied in part as stated. The Amended Chapter 13 Plan is reduced to writing and the writing speaks for itself. It is admitted that Secured Creditor acted in good faith in offering Debtor a trial and permanent Loan Modification.

5. Admitted, upon information and belief.

6. Denied as stated. The Motion for Relief was withdrawn on September 11, 2019. The remaining averment is admitted.

7. Admitted in part. Denied in part. It is admitted only that Debtor was offered the Modification Trial Period Plan dated 8/19/2019, effective 10/1/2019, a copy of which is annexed as **Exhibit "B."**

8. Admitted in part. Denied in Part. The Motion for Relief is reduced to writing and the writing speaks for itself. Debtor failed to make all trial period payments as required. Moreover, Debtor's loan account was credited for all payments made.

9. Admitted. By way of further information, attached as **Exhibit "C"** is a true and correct copy of the Loan Modification Agreement proposed by Secured Creditor.

10. Denied. Secured Creditor is without sufficient information to form a belief as to the truth or falsity of Debtor's allegations about actions taken to execute the modification agreement allegedly on June 26, 2020. Secured Creditor did not receive the timely executed Loan Modification Agreement. The Loan Modification was to be made June 10, 2020. Debtors failure to return the executed Loan Modification Agreement to Secured Creditor, triggered Secured Creditor to send a denial letter on August 20, 2020. A copy of the August 20, 2020 denial letter send to Debtor is annexed as **Exhibit "D."**

11. Denied. Secured Creditor is without sufficient information to form a belief as to the truth or falsity of these averments and they therefore are deemed denied.

12-13. Denied as stated.  As of June 26, 2020, SN Servicing Corporation had not received a written hardship request from Debtors.  Debtors were advised by email that SN Servicing Corporation would not review the Debtor for a COVID forbearance with a loan modification pending.  A copy of the email transmission is annexed as **Exhibit "E."**

14. Denied.  By way if further response the foregoing averments, particularly paragraphs 10 and 11, are incorporated by reference herein as though fully set forth.  The loan modification was never received. The denial letter was sent to Debtors on August 20, 2020.  See **Exhibit "D."**  Moreover, the February 5, 2021 communication was notice of the following:

   a. Default pursuant to the Stipulation resolving the Motion to Allow Late Claim and Objection to Plan, approved by the Court on November 21, 2018;

   b. Failure to complete the permanent loan modification by June 1, 2019;

   c. Failure to tender the adequate protection payment of $1,800.00;

   d. Mailing by Secured Creditor of the August 20, 2020 denial letter; and

   e. stated the amount of the post petition delinquency: $79,457.03.

A copy of the February 5, 2021 notice of default is annexed as **Exhibit "F."**

15. Admitted in part. Denied in part. Respondent is without sufficient information to form a belief as to the truth or falsity of the averment as to the date that said letter was received and that averment is deemed denied.  It is admitted only that the February 5, 2021 letter was not sent by electronic transmission and that Debtor's Counsel called the Office of Counsel for the Secured Creditor regarding the letter of February 5, 2021.

16. Denied as stated. By way if additional information, a copy of the February 18, 2021 letter from Debtor's counsel is attached hereto as **Exhibit "G."**  The letter dated

February 18, 2021 indicated that "Ms. Mazik is prepared to execute the proposed loan modification immediately." That agreement was due in June 2020. Moreover, the letter appears to deny that payments are past due based upon the additional the request by Ms. Mazik for pandemic forbearance.

17. Admitted. A copy of the February 25, 2021 letter to Debtor's Counsel is attached as **Exhibit "H".**

18. Denied as stated. It is admitted only that Debtor tendered payments totaling $15,000.00, not $20,000.00, between March 3, 2021 and March 8, 2021. No further payments were received. The Debtor is currently post-petition due for May 1, 2019, <u>after</u> the application of those funds. There was no agreement to permit Debtor to catch up with loan modification payments. The loan modification was denied. See **Exhibit "D."**

19. Denied. Counsel for Secured Creditor agreed **to ask** Secured Creditor to rework the loan modification as stated in the February 25, 2021 letter, **Exhibit "H,"** and did so request, but Secured Creditor declined. These were settlement negotiations and did not create an enforceable agreement.

20. Admitted in part. Denied in part. It is admitted only that Debtor desires to "rework" the permanent loan modification agreement. The remaining averments are denied. It is specifically denied that Secured Creditor retained approximately $30,000, "without accounting for same." All funds received have been applied to the loan for past due post petition payments. A copy of the post-petition payment history is attached hereto as **Exhibit "I"**. Debtor is due for May 1, 2019 post- petition payment as of June 1, 2021.

21.     Admitted in part. Denied in part. It is admitted only that Debtor so submits. By way of further response, the Court should not enforce a loan modification that was not

timely accepted by Debtor and then denied by Secured Creditor.  The Debtor's Seventh Amended Chapter 13 Plan provides that in the current procedural position, Secured Creditor may seek relief from the automatic stay with regard to the collateral. See **Exhibit A**, Seventh Amended Plan, paragraph 4 (f)(3)(B).

**WHEREFORE**, Movant respectfully submits that the Motion for Relief from Automatic Stay was and is appropriate and valid; and requests that the Motion be granted; and that the Court grant such other and further relief as this Court may find just and proper.

Dated:  June 9, 2021

> By: */s/ Lorraine Gazzara Doyle*
> Lorraine Gazzara Doyle, Esq.
> FRIEDMAN VARTOLO LLP
> Attorneys for Movant
> 1325 Franklin Avenue, Suite 230
> Garden City, New York 11530
> T: (212) 471-5100
> F: (212) 471-5150
> Bankruptcy@FriedmanVartolo.com